## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| RONALD E. BYERS, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 15-1605 (RC) |
| | : | | |
| v. | : | Re Document No.: | 5 |
| | : | | |
| UNITED STATES TAX COURT, | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

### GRANTING DEFENDANT'S MOTION TO DISMISS

## I. INTRODUCTION

Plaintiff Ronald E. Byers, proceeding *pro se*, brings this action against the United States Tax Court ("Tax Court" or "Defendant") pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Relying predominately on the D.C. Circuit's recent decision in *Kuretski v. Commissioner*, 755 F.3d 929 (D.C. Cir. 2014), *cert. denied*, 135 S. Ct. 2309 (2015), Mr. Byers argues that, for the purposes of FOIA, the Tax Court is an agency of the federal government's Executive Branch.  *See generally* Compl., ECF No. 1.  Thus, Mr. Byers asks this Court to order the Tax Court to turn over a wide range of records identified in his FOIA request.  The Tax Court moves to dismiss the Complaint.  Courts of the United States are specifically exempted from FOIA, and the Tax Court argues that Mr. Byers's Complaint should be dismissed because the Tax Court is a court, not an agency.  The resolution of the Tax Court's motion to dismiss turns on a single legal question: Is the Tax Court a court or an agency for the purposes of FOIA?

The Tax Court's motion to dismiss is ripe and ready for decision.  *See generally* Def.'s Mot. Dismiss, ECF No.5; Pl.'s Obj. Def.'s Mot. Dismiss ("Pl.'s Opp'n"), ECF No. 9; Def.'s Reply Mem. Supp. Def.'s Mot. Dismiss ("Def.'s Reply"), ECF No. 11; *see also infra* note 3

(addressing Mr. Byers's initial intention to file a supplemental brief).  First, the Court rejects Mr.

Byers's argument that the term "courts of the United States" encompasses only the Judicial

Branch, and nothing more.  Next, the Court finds that Mr. Byers's reliance on *Kuretski* is

misplaced.  Although the D.C. Circuit held that the Tax Court is a part of the Executive Branch

for the purposes of constitutional separation of powers, that outcome does not determine whether

the Tax Court is subject to FOIA.  Instead, a number of factors, including congressional intent,

Supreme Court interpretation, and the function of the Tax Court, all suggest that the Tax Court is

best understood as a court, not an agency, for the purposes of FOIA.  Thus, the Court will grant

the Tax Court's motion, and dismiss Mr. Byers's Complaint.

## II.  STATUTORY AND FACTUAL BACKGROUND

### A.  The Freedom of Information Act

Congress enacted FOIA so that citizens could discover "what their government is up to."

*Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989)

(quoting *EPA v. Mink*, 410 U.S. 73, 105 (1973)).  Congress intended for the statute "to pierce the

veil of administrative secrecy and to open agency action to the light of public scrutiny."  *Dep't of

Air Force v. Rose*, 425 U.S. 352, 361 (1976); *see also Mink*, 410 U.S. at 80.  Among other

provisions, FOIA requires "each agency" to respond to appropriate requests and "make the

[requested] records promptly available to any person."  5 U.S.C. § 552(a)(3)(A); *see also Milner

v. Dep't of Navy*, 562 U.S. 562, 565 (2011) ("FOIA thus mandates that an agency disclose

records on request, unless they fall within one of nine exemptions.").  To define the term

"agency," FOIA relies on the existing definition found in the Administrative Procedure Act

("APA").  *See* 5 U.S.C. § 552(f)(1) (citing *id.* § 551(1)).  The APA states that "'agency' means

each authority of the Government of the United States . . . but does not include . . . the courts of the United States." *Id.* § 551(1)(B).

## B. The United States Tax Court

Congress has made periodic changes to the name and nature of what is now the United States Tax Court. Congress created the original precursor to the Tax Court in 1924. *See Kuretski*, 755 F.3d at 933 (first citing Harold Dubroff, *The United States Tax Court: An Historical Analysis*, 40 Alb. L. Rev. 7, 64–66 (1975); and then citing *John Kelley Co. v. Comm'r,* 326 U.S. 521, 527–28 (1946)). That entity, known as the Board of Tax Appeals (the "Board"), was created as "an independent agency in the executive branch of the Government." Revenue Act of 1924, Pub. L. No. 68-175, § 900(a), (k), 43 Stat. 253, 336, 338 (1924). Two years later, Congress amended the President's authority to remove members of the Board—guaranteeing the members a public hearing before they could be removed—and made the Board's decisions reviewable by the United States Courts of Appeals. *See* Revenue Act of 1926, Pub. L. No. 69-20, §§ 1000–01, 44 Stat. 9, 105–06, 109–10 (1926).

Congress changed the name of the Board to the Tax Court of the United States in 1942 and stated that its members would be known as judges. *See* Revenue Act of 1942, Pub. L. No. 77-753, § 504(a), 56 Stat. 798, 957 (1942). Aside from this change, Congress did not upset the authority or status of the former Board. *Id.* § 504(b). For the purposes of this Court's analysis, the most important change came in 1969, when Congress next addressed the status of what is now the Tax Court. The Tax Reform Act of 1969 declared:

> There is hereby established, under article I of the Constitution of the United States, a court of record to be known as the United States Tax Court. The members of the Tax Court shall be the chief judge and the judges of the Tax Court.

Tax Reform Act of 1969, Pub. L. No. 91-172, § 951, 83 Stat. 487, 730 (1969) (codified at 26

U.S.C. § 7441).  The Senate Report accompanying the 1969 Act stated that, because "the Tax

Court has only judicial duties, the committee believes it is anomalous to continue to classify it

with quasi-judicial executive agencies that have rulemaking and investigatory functions."  S.

Rep. No. 91-552 (1969), *reprinted in* 1969 U.S.C.C.A.N. 2027, 2341.

The D.C. Circuit recounted the history of the Tax Court in *Kuretski*.  755 F.3d at 933.  In

that case, the court considered a challenge to the constitutionality of the Tax Court, based on the

theory that the President's power to remove Tax Court judges, *see* 26 U.S.C. § 7443(f), violates

the separation of powers guaranteed by the Constitution.  *Kuretski*, 755 F.3d at 939.  The court

concluded, however, that the Tax Court is a part of the Executive Branch, meaning that "removal

of a Tax Court judge . . . would constitute an intra—not inter—branch removal."  *Id.* at 932.  In

response to *Kuretski*, Congress passed a brief "clarification" that states in full, "The Tax Court is

not an agency of, and shall be independent of, the executive branch of the Government."

Consolidated Appropriations Act, 2016, Pub. L. No. 114-113, § 441, 129 Stat. 2242, 3126 (2015)

(codified at 26 U.S.C. § 7441).[1]

## C.  Factual Background

Mr. Byers initially submitted his FOIA request to the Tax Court in March 2015.  *See*

Compl. ¶¶ 19–21; Compl. Ex. A ("Pl.'s FOIA Request") at 16–21, ECF No. 1.[2]  Mr. Byers

---

[1] The report of the Senate Finance Committee accompanying the legislation explicitly referenced *Kuretski*.  *See* S. Rep. No. 114-14, at 10 (2015) ("The Committee is concerned that statements in *Kuretski v. Commissioner* may lead the public to question the independence of the Tax Court. . . . The Committee wishes to remove any uncertainty caused by *Kuretski v. Commissioner*, and to ensure that there is no appearance of institutional bias.").

[2] To avoid confusion, the Court will cite the page numbers automatically generated by the Court's ECF system when referring to the exhibits of Mr. Byers's Complaint, even where an exhibit contains pre-existing page numbers.

requested "24 categories of records" related to the Tax Court's internal practices and procedures. Compl. ¶ 20; *see also* Pl.'s FOIA Request at 18–20.  In his request, Mr. Byers argues that the Tax Court is subject to FOIA because it "exercises Executive authority as part of the Executive Branch."  Pl.'s FOIA Request at 16 (quoting *Kuretski*, 755 F.3d at 932).

In a letter responding to Mr. Byers's request, the Tax Court refused to turn over any records and stated that "the Tax Court is not an 'agency' subject to FOIA."  Compl. Ex. B at 23, ECF No. 1; *see also* Compl. ¶¶ 22–23.  Mr. Byers sent another letter to the Tax Court that appealed the denial of his FOIA request.  *See* Compl. Ex. C at 24–28, ECF No. 1; *see also* Compl.  ¶¶ 24–25.  In a brief response, the Tax Court denied Mr. Byers's appeal for the same reasons it enumerated in its prior letter.  *See* Compl. Ex. D at 30, ECF No. 1; *see also* Compl. ¶ 27.

Mr. Byers brought this lawsuit on September 29, 2015.  *See* Compl. at 1.  Mr. Byers alleges that the Tax Court is a federal agency subject to FOIA that "has unlawfully withheld from Mr. Byers each of its records that he has duly requested."  Compl. ¶ 35.  Mr. Byers asks this Court to conclude that FOIA applies to the Tax Court, to order the Tax Court to comply with his FOIA request, and to award him costs incurred in this litigation.  *See* Compl. ¶ 37.  The Tax Court moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, arguing that "[a]ll indications are that the Tax Court is properly considered a court of the United States," and is thus exempt from FOIA.  Def.'s Mem. Supp. Def.'s Mot. Dismiss ("Def.'s Mem.") at 1, ECF No. 5-1.  Relying primarily on *Kuretski*, Mr. Byers maintains that that Tax Court "is an Executive Branch 'agency' that must disclose its records to the American public under the Freedom of Information Act."  Pl.'s Opp'n at 1; *see*

*also* Pl.'s (Initial) Mem. P. & A. Supp. Pl.'s Objection Def.'s Mot. Dismiss ("Pl.'s Mem.") at 1–5, ECF No. 9.[3]

## III.  LEGAL STANDARD

A *pro se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  But even *pro se* litigants "must comply with the Federal Rules of Civil Procedure." *Idrogo v. Foxx*, 990 F. Supp. 2d 5, 6 (D.D.C. 2013) (citing *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987)).  The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim" to give the defendant fair notice of the claim and the grounds upon which it rests.  Fed. R. Civ. P. 8(a)(2); *accord Erickson*, 551 U.S. at 93.  A motion to dismiss under Rule 12(b)(6) does not test a plaintiff's ultimate likelihood of success on the merits; rather, it tests whether a plaintiff has properly stated a claim.  *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982).  A court considering such a motion presumes that the complaint's factual allegations are true and construes them liberally in the plaintiff's favor.  *See, e.g.*, *United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 131, 135 (D.D.C. 2000).

---

[3] In his opposition to the Tax Court's motion, Mr. Byers explains that he "expects to supplement his accompanying points and authority memorandum soon because he was unable to afford representation."  Pl.'s Opp'n at 2.  The Tax Court responds that "no authority exists" for Mr. Byers to file multiple briefs, and argues that the Court "should treat Defendant's motion to dismiss as fully briefed."  Def.'s Reply at 3 n.1.  The Court notes that no attorney has appeared on Mr. Byers's behalf and that Mr. Byers has not filed any supplementary briefing.  Furthermore, Mr. Byers states in his opposition to the motion that, "[a]lthough rushed, the memorandum . . . file[d] with this objection alone should cause the Court to deny Defendant's motion to dismiss."  Pl.'s Opp'n at 2.  Because of the lack of authority Mr. Byers presents in support of filing serial briefs, as well as Mr. Byers's failure to file an additional brief and his position that his initial brief "alone" is sufficient, the Court finds that the Tax Court's motion is fully briefed and ripe for decision.

Nevertheless, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This means that a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555–56 (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are therefore insufficient to withstand a motion to dismiss.  *Iqbal*, 556 U.S. at 678.  A court need not accept a plaintiff's legal conclusions as true, nor must a court presume the veracity of the legal conclusions that are couched as factual allegations.  *See id.*; *see also Twombly*, 550 U.S. at 555.

A court cannot consider matters outside the pleadings in deciding a Rule 12(b)(6) motion, but it may consider "documents attached as exhibits or incorporated by reference in the complaint."  *Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (internal quotation marks omitted) (quoting *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002)).  Further, a *pro se* plaintiff's pleadings must be "considered *in toto*" to determine whether they "set out allegations sufficient to survive dismissal."  *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 151 (D.C. Cir. 2015) (reversing the district court because it failed to consider allegations found in a *pro se* plaintiff's opposition to a motion to dismiss).

## IV.  ANALYSIS

The Court begins its analysis with the statutory definitions found in FOIA and the APA.  First, the Court considers Mr. Byers's proposition that the term "courts of the United States" encompasses only the Judicial Branch, but no entity outside of it.  The Court is not persuaded by Mr. Byers's argument.  Next, the Court turns to *Kuretski* and finds that Mr. Byers's reliance on

that case is misplaced.  While it is true that *Kuretski* held that the Tax Court is a part of the

Executive Branch—at least for the purposes of a separation-of-powers analysis—that holding is

not dispositive here.  Instead, a number of factors, including the intention of Congress, the

Supreme Court's analysis of the Tax Court, and the Tax Court's functions and procedures

support this Court's conclusion that the Tax Court is a court, not an agency, for the purposes of

FOIA.  For the following reasons, the Court will therefore grant the Tax Court's motion to

dismiss the Complaint.

### A.  Statutory Definitions

The task of resolving whether the Tax Court is subject to FOIA "begins where all such

inquiries must begin: with the language of the statute itself."  *United States v. Ron Pair*

*Enterprises, Inc.*, 489 U.S. 235, 241 (1989).  Thus, the Court first turns to the relevant statutory

definitions.

FOIA makes clear that its mandate applies to "agencies."  *See, e.g.*, 5 U.S.C.

§ 552(a)(3)(A).  FOIA also provides a definition of "agency," which incorporates the APA's

definition of the same term.  *See* 5 U.S.C. § 552(f)(1) (citing *id.* § 551(1)).  FOIA's definition

states:

> "[A]gency" as defined in [5 U.S.C. § 551(1)] includes any executive department,
> military department, Government corporation, Government controlled
> corporation, or other establishment in the executive branch of the Government
> (including the Executive Office of the President), or any independent regulatory
> agency . . . .

*Id.*  The incorporated APA definition is narrowed, however, by a list of exemptions.  The APA

states that "'agency' means each authority of the Government of the United States, whether or

not it is within or subject to review by another agency, but does not include . . . the courts of the

United States."  *Id.* § 551(1)(B).  Because of Congress's clear statement, Article III courts are

exempt from the reach of FOIA.  *See, e.g.*, U*nited States v. Mitchell*, No. 03-6938, 2003 WL

22999456, at *1 (4th Cir. Dec. 23, 2003) (per curiam) ("[F]ederal courts do not fall within the definition of 'agency' under FOIA . . . ."); *Gaydos v. Mansmann*, No. 98-5002, 1998 WL 389104, at *1 (D.C. Cir. June 24, 1998) (per curiam) ("[T]he district court correctly determined that a Freedom of Information Act claim may not be brought against the federal judiciary."); *see also Maydak v. U.S. Dep't of Justice*, 254 F. Supp. 2d 23, 40 (D.D.C. 2003) ("[A] United States probation office is not subject to the FOIA's disclosure requirements because it is an arm of the federal courts.").

1. Mr. Byers's Argument that "Courts of the United States" Means Only the Judicial Branch

Mr. Byers argues that the language "courts of the United States" found in the APA "means that this FOIA exemption applies to the entire Article III judicial branch of government," but that it extends no further. Pl.'s Mem. at 4. Mr. Byers concludes that "[b]ecause the Tax Court is not a part of, or is not an adjunct to, the Article III Judicial Branch, it cannot be one of the 'courts of the United States' under [FOIA]."[4] *Id.* at 5. In support of his position, Mr. Byers relies on the D.C. Circuit's opinion in *Washington Legal Foundation v. United States Sentencing Commission*, 17 F.3d 1446 (D.C. Cir. 1994), and two citations to Title 28 of the United States Code. *See* Pl.'s Mem. at 4.

First, Mr. Byers's reliance on *Washington Legal Foundation* is not convincing. In that case, the court considered whether the United States Sentencing Commission was an agency for the purposes of the Federal Advisory Committee Act ("FACA"). *See* 17 F.3d at 1147–48. Like FOIA, FACA incorporates the APA's definition of agency. 5 U.S.C. app. 2 § 3(3). The court

---

[4] This argument is closely related to Mr. Byers's argument that the Tax Court must be subject to FOIA because the D.C. Circuit has held that the Tax Court is part of the Executive Branch, at least for the purposes of a constitutional separation-of-powers analysis. *See infra* Part IV.A.2.

surveyed past cases and determined that "virtually every case interpreting the APA exemption for 'the courts of the United States' has held that the exemption applies to the entire judicial branch." *Washington Legal Found.*, 17 F.3d at 1449.  Nevertheless, the Court ultimately did not reach the issue Mr. Byers relies on, because the court found that it "need not decide whether the APA excludes the entire judicial branch from the definition of 'agency.'"  *Id.* at 1450; *see also id.* ("[W]e need not interpret the APA at all.").  Even if the court had decided that the term "the courts of the United States" encompasses the entire Judicial Branch, it would not necessarily follow that the definition *excludes* any other entities outside of the Judicial Branch.  The court did not address that issue, and it would seem strange if *Washington Legal Foundation*, which expanded the FOIA exemption beyond Article III courts alone, would be used in this case to limit the scope of the same exemption.

Second, Mr. Byers relies on two provisions of Title 28 of the United States Code.  Mr. Byers argues that Congress "has defined the phrase 'courts of the United States' for the entire United States Judicial Code."  Pl.'s Mem. at 4.  The provision Mr. Byers refers to defines the term to "include[] the Supreme Court of the United States, courts of appeals, district courts . . ., and any court created by Act of Congress the judges of which are entitled to hold office during good behavior."  28 U.S.C. § 451.  In contrast, Mr. Byers asserts that when Congress means to refer to Article I courts, "it identifies them as the 'courts established by Act of Congress.'"  Pl.'s Mem. at 4 (quoting 28 U.S.C. § 1651(a)).[5]

---

[5] Mr. Byers's reference to the All Writs Act also raises two additional problems.  *See* 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.).  First, all inferior Article III courts, not just Article I courts, are created by Congress.  *See* U.S. Const. art. III.  In other words, "courts established by Act of Congress" include both Article I courts like the Tax Court, and all district courts and circuit courts.  Second, Mr. Byers's reading would mean the All Writs Act applies *only* to Article I

Mr. Byers's reliance on these provisions is misplaced.  The definition of "court of the United States" found in Title 28 is explicitly limited to that Title.  *See* 28 U.S.C. § 451 ("As used in this title: The term 'court of the United States' includes . . . .").  The Supreme Court has held that definitions found in Title I of the Employee Retirement Income Security Act ("ERISA") were "not necessarily applicable to Title IV, because they are limited by the introductory phrase, 'For the purposes of this title.'"  *Nachman Corp. v. Pension Ben. Guar. Corp.*, 446 U.S. 359, 370 (1980).  The logic of *Nachman* is even more powerful in this case, because the definition put forward by Mr. Byers appears not in a separate part of the same Act, but in an entirely different Title of the United States Code.  *See also Comm'r v. Bedford's Estate*, 325 U.S. 283, 291–92 (1945) ("The definition of a 'partial liquidation' in [§] 115(i) is specifically limited to use in [§] 115. To attempt to carry it over to [§] 112 would distort its purpose.").  Furthermore, the list of definitions found in 28 U.S.C. § 451 also includes a definition of "agency," as that term is used in Title 28.  The definition of "agency" found in FOIA (including that definition's incorporation of the APA) should certainly control this case, not the definition of the same term found in another Title.  For the same reasons, the Court is not persuaded that the definition of "court of the United States" found in Title 28 should be dispositive here.

Finally, the Court notes that there is no direct link between the definition of the term "courts of the United States" and anything found in Article III.  The Supreme Court has held that the term "Courts of Law" found in the Appointments Clause is "not limit[ed] . . . to those courts established under Article III of the Constitution."  *Freytag v. Comm'r*, 501 U.S. 868, 888–89 (1991); *see also American Ins. Co. v. 356 Bales of Cotton*, 26 U.S. 511, 546 (1828) (holding that

---

courts, contrary to Article III courts' longstanding reliance on the Act.  *See, e.g.*, *In re al-Nashiri*, 791 F.3d 71, 75–76 (D.C. Cir. 2015); *Nixon v. Sirica*, 487 F.2d 700, 707 (D.C. Cir. 1973).

the judicial power of the United States is not limited to the judicial power defined under Article III); *Williams v. United States*, 289 U.S. 553, 565–567 (1933) (same).  It would be a strange result if, as Mr. Byers's argument implies, these Courts of Law, sanctioned by the government of the United States, were not considered "courts of the United States."  For all of these reasons, the Court is not persuaded by Mr. Byers's argument that the term "courts of the United States" includes only the Judicial Branch, and nothing more.[6]

### 2.  Mr. Byers's Reliance on *Kuretski*

Mr. Byers's FOIA request and Complaint are largely motivated by the D.C. Circuit's decision in *Kuretski. See, e.g.*, Compl. ¶¶ 1, 30; Pl.'s FOIA Request at 16.  In that case, the court held that the Tax Court is part of the Executive Branch, at least in the context of a separation-of-powers analysis.  *Kuretski*, 755 F.3d at 943.  Mr. Byers argues that because *Kuretski* placed the Tax Court in the Executive Branch, the Tax Court is necessarily subject to FOIA.  *See* Compl. ¶¶ 30–33.  The Court finds that Mr. Byers's reliance on *Kuretski* is overbroad and misreads the definition of agency found in FOIA.

*Kuretski* involved a constitutional challenge to the structure of the Tax Court filed by Peter and Kathleen Kuretski.  *See* 755 F.3d at 932.  The plaintiffs argued that the President's authority to remove Tax Court judges, *see* 26 U.S.C. § 7443(f), violates the constitutional

---

[6] Although the argument does not appear in his Complaint or his opposition to the Tax Court's motion, Mr. Byers relied on a citation to 26 U.S.C. § 7457 in his administrative appeal. *See* Compl. Ex. C at 26–27.  Section 7457 provides for witness fees and mileage in the Tax Court that are the same as those provided for "witnesses in courts of the United States."  26 U.S.C. § 7457(a).  Mr. Byers argues that this statute shows that the Tax Court is not one of the "courts of the United States."  *See* Compl. Ex. C at 27.  But the Court is persuaded by the Tax Court's argument that this provision was enacted when the precursor to the Tax Court was still an "independent agency," thus requiring the comparison to existing courts.  *See* Def.'s Mem. at 16–17; *see also* Internal Revenue Code of 1954, Pub. L. No. 83-591, § 7457, 68A Stat. 730, 886 (1954); *supra* Part II.B (explaining that the Tax Court was not "established" as an Article I court until 1969).

guarantee of the separation of powers, *see Kuretski*, 755 F.3d at 938–39.  The D.C. Circuit rejected that challenge and held that the Tax Court is a part of the Executive Branch and thus the "removal of a Tax Court judge . . . would constitute an intra—not inter—branch removal."  *Id.* at 932.  To reach that conclusion, the court first concluded that the Tax Court was not a part of the Judicial Branch because "its judges do not exercise 'the judicial Power of the United States' under Article III."  *Id.* at 940.  Next, the court found that the Tax Court is "not in the business of making . . . laws" and, although it is called a legislative court, that nomenclature does not place an entity in the Legislative Branch.  *Id.* at 942–943; *see also Williams v. United States*, 289 U.S. 553, 565–66 (1933).  Logically, the court concluded, the Tax Court must therefore be a part of the Executive Branch.  *Id.* at 942–43.

Mr. Byers also points to other cases that hold that the Tax Court is a part of the Executive Branch of the federal government. *See S.C. State Ports Auth. v. Fed. Mar. Comm'n*, 243 F.3d 165, 171 (4th Cir. 2001) (considering *Freytag* and stating that "the Tax Court is a Court of Law despite being part of the Executive Branch), *aff'd*, 535 U.S. 743 (2002); *Samuels, Kramer & Co. v. Comm'r*, 930 F.2 975, 991 (2d Cir. 1991) (concluding that the Tax Court is an Executive Department), *abrogated by Freytag*, 501 U.S. 868.  Next, Mr. Byers points to FOIA's definition of "agency," which, "as defined in [5 U.S.C. § 551(1)] includes any . . . other establishment in the executive branch of the Government."  5 U.S.C. § 552(f)(1).  Mr. Byers's argument, in other words, is that because *Kuretski* places the Tax Court in the Executive Branch, it is an "establishment in the executive branch" that is necessarily subject to FOIA.  *See* Compl. ¶¶ 1, 30; Pl.'s FOIA Request at 16.

In *Kuretski*, the D.C. Circuit alluded to the issue presented in this case.  Although the court had "no need to reach the issue," it noted that "Congress, in establishing . . . entities [such

as the Tax Court] as a 'court' rather than an 'agency,' perhaps also exempted them from statutes that apply solely to executive 'agencies.'" *Id.* at 944 (*citing Megibow v. Clerk of the U.S. Tax Court*, No. 04–3321, 2004 WL 1961591 at *4–6 (S.D.N.Y. Aug. 31, 2004), *aff'd*, 432 F.3d 387 (2d Cir. 2005) (per curiam).

Now that the issue has been properly raised, this Court is not persuaded by Mr. Byers's argument.  First, Section 552(f) incorporates the APA's definition of agency found in Section 551, and that provision expressly exempts the courts of the United States.  *See* 5 U.S.C. § 552(f)(1) (citing *id.* § 551(1)).  The Court is not convinced that the definition is limited only to Article III courts.  *See supra* Part IV.A.1.  Thus, FOIA's exemption for courts should apply here as well.  Second, the root of Mr. Byers's argument—that all Executive Branch entities are subject to FOIA—is overbroad.  Many parts of the Executive Branch, notably entities within the Office of the President, are exempt from FOIA.  *See, e.g.*, *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 156 (1980); *Citizens for Responsibility & Ethics in Wash. v. Office of Admin*, 566 F.3d 219 (D.C. Cir. 2009); *Armstrong v. Exec. Office of the President*, 90 F.3d 553 (D.C. Cir. 1996); *Rushforth v. Council of Econ Advisers*, 762 F.2d 1038 (D.C. Cir. 1985).  For these reasons, the Court finds that, although *Kuretski* held that the Tax Court is a part of the Executive Branch for the purposes of a separation-of-powers analysis, that conclusion is not dispositive here.  If the Tax Court is one of the "courts of the United States," it must be exempt from FOIA, even if it is part of the Executive Branch.

## B.  The Tax Court is a Court

This case is not resolved by the Court's conclusion that the statutory term "courts of the United States" encompasses more than Article III courts and that the Tax Court's status as a part of the Executive Branch does not necessarily subject it to FOIA.  The Court must resolve an

additional question of statutory interpretation.  In order to determine whether the Tax Court is a court or an agency for the purposes of FOIA, the Court will consider the characteristics of the Tax Court, including its authorizing statute, interpretation by the Supreme Court, and the functions it performs.  Each of those factors weighs in favor of treating the Tax Court as a court, not an agency, for the purposes of FOIA.

### 1.  Congress's Treatment of the Tax Court

A review of Congress's treatment of the Tax Court and the limited, relevant case law on the issue suggests that Congress intended the Tax Court to be considered a court for the purposes of FOIA.  A recent clarification, despite raising some additional questions, appears to confirm Congress's view that the Tax Court is not an agency.

As previously described, the original precursor to the Tax Court was known as the Board of Tax Appeals, and was enacted as "an independent agency in the executive branch of the Government."  Revenue Act of 1924, Pub. L. No. 68-175, § 900(a), (k), 43 Stat. 253, 336, 338 (1924).  The Board was renamed the Tax Court of the United States in 1942, but Congress made clear that the new court's "jurisdiction, powers, and duties . . . shall be the same as by existing law."  *See* Revenue Act of 1942, Pub. L. No. 77-753, § 504(b), 56 Stat. 798, 957 (1942).  In contrast, the 1969 restructuring made clear that instead of simply modifying the existing agency, Congress "*established*, under article I of the Constitution of the United States, *a court of record*."  Tax Reform Act of 1969, Pub. L. No. 91-172, § 951, 83 Stat. 487, 730 (1969) (emphasis added) (codified at 26 U.S.C. § 7441).

Accompanying legislative history noted that "the Tax Court has only judicial duties" and confirms that the 1969 Act gives the Tax Court "the same powers regarding contempt, and the carrying out of its writs, orders, etc., that Congress has previously given to the District Courts."

S. Rep. No. 91-552 (1969), *reprinted in* 1969 U.S.C.C.A.N. 2027, 2341, 2343.  One of the only two courts to have considered this issue relied heavily on the 1969 legislation to determine that the Tax Court was a court, not an agency, and thus exempt from FOIA.  *See Ostheimer v. Chumbley*, 498 F. Supp. 890, 892 (D. Mont. 1980) ("Congress intended that the Tax Court operate as a court and considered it to have only judicial functions . . . ."), *aff'd*, 746 F.2d 1487 (9th Cir. 1984) (unpublished table opinion).  The Ninth Circuit affirmed that decision without comment in an unpublished opinion.  *Id.*  Congress's treatment of the Tax Court, especially the evolution of the precursor entities, shows that, as of the 1969 restructuring, the legislature understood that the Tax Court is a court.  This conclusion bolsters the Court's interpretation that "courts of the United States" includes the Tax Court.

The parties dispute the effect of recent legislation addressing the status of the Tax Court.  Following the D.C. Circuit's *Kuretski* decision, Congress passed a brief "clarification" that states, "The Tax Court is not an agency of, and shall be independent of, the executive branch of the Government."  Consolidated Appropriations Act, 2016, Pub. L. No. 114-113, § 441, 129 Stat. 2242, 3126 (2015) (codified at 26 U.S.C. § 7441).  An accompanying report from the Senate Finance Committee raised concerns that *Kuretski* could "lead the public to question the independence of the Tax Court" and stated the Committee's intention to "remove any uncertainty . . . , and to ensure that there is no appearance of institutional bias."  *See* S. Rep. No. 114-14, at 10 (2015).

The Tax Court argues that this clarification "codifies what was already quite plain"—that the Tax Court is a court, not an agency.  Def.'s Mem. at 1; *see also id.* at 7 (addressing the clarification).  Mr. Byers also believes that Congress merely restated existing law.  *See* Pl.'s Mem. at 13.  In contrast, of course, he argues for a different status quo ante—that the Tax Court

has been subject to FOIA at least since *Kuretski*. *Id.* at 12–13. Mr. Byers suggests that the clarification only addressed "the public's possible perception that *Kuretski* meant the Tax Court was not an independent entity." *Id.* at 13. Mr. Byers also argues that if Congress had meant to exempt the Tax Court from FOIA, it could have been more specific, either explicitly stating that the Tax Court is not part of the Executive Branch or defining the Tax Court as one of the "courts of the United States." *Id.* at 13–14. Finally, Mr. Byers argues that Congress "used the term 'agency' merely in its generic sense, not in its FOIA sense." *Id.* at 13.

The Court finds the Tax Court's interpretation of the clarification to be more persuasive. When Congress states that the Tax Court "is not an agency of . . . the executive branch of the Government," 26 U.S.C. § 7441, the Court should take the legislature at its word. *See Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980) ("[T]he starting point for interpreting a statute is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive."). In administrative law, "agency" is a term of art. *See, e.g.*, 5 U.S.C. §§ 552(f)(1), 551(1). Mr. Byers has provided no authority in support of his argument that "agency" should be interpreted in its "generic sense." Pl.'s Mem. at 13. In fact, the most common use of "agency" in this context would seem to be the same as the definition found in the APA. Although the Court is aware of possible contradictions in the recent legislation,[7] the Court finds that Congress's clarification that

---

[7] *See, e.g.*, Stephanie Hoffer & Chris Walker, *The Tax Court and the Administrative State: Congress Responds to the D.C. Circuit's Decision in Kuretski, Yale J. on Reg.: Notice & Comment* (Dec. 29, 2015), http://yalejreg.com/nc/the-tax-court-and-the-administrative-state-congress-responds-to-the-d-c-circuit-s-decision-in-kurets/; Kristin Hickman, *What is the Tax Court? Congress Speaks*, *TaxProf Blog* (Dec. 28, 2015), http://taxprof.typepad.com/ taxprof_blog/2015/12/ hickmanwhat-is-the-tax-court-congress-speaks.html. Specifically, the recent legislation also enacted 26 U.S.C. § 7470 which grants the Tax Court certain powers to the same degree as a "court of the United States." Consolidated Appropriations Act, 2016, Pub. L. No. 114-113, § 432, 129 Stat. 2242, 3126 (2015) (codified at 26 U.S.C. § 7470).

the Tax Court is "not an agency" provides further support for the conclusion that the Tax Court

should be considered a court, not an agency, for the purposes of FOIA.[8]

2.  Supreme Court Interpretation

The Court will next turn to the Supreme Court's interpretation of the role and

constitutional status of the Tax Court.  Although not dispositive of the issue before the Court, the

Supreme Court's analysis of the Tax Court suggests that it should be treated as a court, not an

agency, for the purposes of FOIA.

The Supreme Court explored the status of the Tax Court in *Freytag v. Commissioner*, 501

U.S. 868 (1991).  In *Freytag*, taxpayers challenged a statute that allows the Chief Judge of the

Tax Court to appoint "special trial judges" for certain purposes.  *See* 26 U.S.C. § 7443A.  The

taxpayers argued that the statute violated the Appointments Clause of Article II, which gives

Congress the power to "vest the Appointment of . . . inferior Officers . . . in the President alone,

in the Courts of Law, or in the Heads of Departments."  U.S. Const. art. II, § 2, cl. 2.  The

Supreme Court rejected the argument that "the Chief Judge of the Tax Court does not fall within

any of the Constitution's three repositories of the appointment power," and therefore cannot

appoint "a special trial judge."  *Freytag*, 501 U.S. at 878.  Instead, the majority held that, at least

for the purposes of the Appointments Clause, the Tax Court is a "Court of Law," and thus, the

Chief Judge does have the authority to appoint inferior officers.  *See id.* at 892.  Central to the

Court's analysis was the conclusion that the Tax Court "exercises a portion of the judicial power

---

[8] As the Tax Court notes, Congress surely has the power to determine whether the Tax Court is subject to FOIA, even if it cannot independently dictate the branch of government where an entity sits.  *See* Def.'s Reply at 8 n. 5 (citing *Dept. Transp. v. Ass'n Am. Railroads*, 135 S. Ct. 1225, 1233 (2015)).

of the United States"[9] and that its "function and role in the federal judicial scheme closely resemble those of the federal district courts." *Id.* at 891.

The Tax Court argues that *Freytag* "confirms that the Tax Court is a court." Def.'s Mem. at 10. On the other hand, Mr. Byers argues that the Court was not presented with the option of finding that the Tax Court "was only an executive component, rather than a higher executive department." Pl.'s Mem. at 6. Mr. Byers also notes that four justices would have held that the Tax Court is an executive department, and he argues that *Freytag* should be limited to the context of the Appointments Clause. *Id.* at 5–6.

Again, the Court finds the Tax Court's argument more persuasive. The Supreme Court has made clear that the Tax Court is a "Court of Law" for the purposes of the Appointments Clause. *Freytag*, 501 U.S. at 892. That holding is not dispositive in this case—the precise question at issue here, of course, was not before the Court—but the majority opinion's reasoning and analysis are relevant and persuasive. Because the Tax Court "exercises a portion of the judicial power of the United States . . . to the exclusion of any other function," *Freytag*, 501 U.S. at 891, the Tax Court is best understood as one of the "courts of the United States." 5 U.S.C. § 551(1). This conclusion is not disturbed by *Kuretski*, which maintained that the Tax Court "may be considered a 'Court of Law' for purposes of the Appointments Clause" and that it exercises the judicial power of the United States, even if only in the "enlarged," non-Article-III sense of that term. *Kuretski*, 755 F.3d at 940–41 (quoting *Murray's Lessee*, 59 U.S. at 280). Thus, the

---

[9] The D.C. Circuit interpreted this language to mean the judicial power of the United States only in an "enlarged sense" that is distinct from the judicial power described in Article III. *See Kuretski*, 755 F.3d at 941 (quoting *Murray's Lessee v. Hoboken Land & Improvement Co.*, 59 U.S. 272, 280 (1856)).

Court finds that *Freytag* provides additional support for the view that the Tax Court is a court, not an agency, for the purposes of FOIA.

3.   The Functions and Procedures of the Tax Court

The Tax Court asserts that it "operates as a court in every respect."[10]  Def.'s Mem. at 7. This Court agrees.  A functional analysis of the Tax Court suggests that it should be considered one of the "courts of the United States" for the purposes of FOIA.  In fact, one of the two other courts to consider whether the Tax Court is subject to FOIA relied predominately on an examination of the Tax Court's functions and procedures to determine that it is a court, not an agency.  *See Megibow v. Clerk of U.S. Tax Court*, No. 04-3321, 2004 WL 1961591, at *4 (S.D.N.Y. Aug. 31, 2004), *aff'd*, 432 F.3d 387 (2d Cir. 2005) (per curiam).

The Tax Court is made up of nineteen judges, who are appointed by the President with the advice and consent of the Senate.  *See* 26 U.S.C. § 7443(a)–(b).  The judges, who receive the same salaries as district court judges, sit for fifteen year terms and may only be removed by the President "for inefficiency, neglect of duty, or malfeasance in office."  *Id.* § 7443(c), (e)–(f). Congress mandated that the Tax Court conduct its proceedings in accordance with the Federal Rules of Evidence, but otherwise permitted it to prescribe its own rules of practice and procedure.  *Id.* § 7453.  Proceedings before the Tax Court "in all respects resemble the rules of other courts."  *See Megibow*, 2004 WL 1961591, at *4.  The Tax Court's rules provide for the commencement of a case, Tax Ct. R. 20, the types of pleadings permitted, Tax Ct. R. 30, the filing of motions, Tax Ct. R. 50–58, discovery, Tax Ct. R. 70–74, and trial, Tax Ct. R. 140-152. Tax Court decisions are appealable to the United States Courts of Appeals and ultimately to the Supreme Court through a petition for a writ of certiorari.  *See* 26 U.S.C. § 7482(a)(1).  The

---

[10] Mr. Byers does not appear to address this argument.

Supreme Court has stated that the Tax Court "exercises judicial, rather than executive, legislative, or administrative, power." *Freytag v. Comm'r*, 501 U.S. 868, 890–91 (1991). Legislative history also suggests that the Tax Court's function is purely adjudicative. *See generally* S. Rep. No. 91-552 (1969), *reprinted in* 1969 U.S.C.C.A.N. 2027, 2341 ("[T]he Tax Court has only judicial duties, [therefore] the committee believes it is anomalous to continue to classify it with quasi-judicial executive agencies that have rulemaking and investigatory functions.").

In *Megibow*, one of two decisions to consider FOIA's applicability to the Tax Court, the court held that "FOIA's application to a particular governmental entity depends not on the label attached to that entity but on an examination of its functions." 2004 WL 1961591, at *5. After considering the functions and procedures of the Tax Court, the *Megibow* court found that it is "absolutely clear that the Tax Court is not an agency. Functionally, the Tax Court acts as a judicial body—a court." *Id.* The Second Circuit affirmed in a brief opinion that commended the "thorough and well-reasoned opinion" of the district court. *Megibow v. Clerk of U.S. Tax Court*, 432 F.3d 387, 388 (2d Cir. 2005) (per curiam).

The Court is persuaded by the reasoning of *Megibow*. The Tax Court's functions and procedures are purely adjudicative and mirror other courts, such as this one. *See Freytag*, 501 U.S. at 891. The similarities between the Tax Court and other courts, as well as its obvious differences from agencies conducting rulemaking or enforcement, provide further support for the Court's conclusion that the Tax Court should be considered a court, not an agency, for the purposes of FOIA.

Thus, all of the factors considered by the Court support the conclusion that the Tax Court is best understood as a court. Because the Tax Court is a "court of the United States," it is

exempt from FOIA.  Mr. Byers's Complaint, therefore, cannot state a claim for relief and must be dismissed.

## V.  CONCLUSION

For the foregoing reasons, Defendant United States Tax Court's Motion to Dismiss (ECF No. 5) is **GRANTED**.  An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  September 30, 2016                                      RUDOLPH CONTRERAS
                                                                        United States District Judge